```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


REGINALD MOORE,                    :
                                   :
     Plaintiff,                    :
                                   :
v.                                 :    CIVIL ACTION 07-0319-M
                                   :
BILLY BAIN AGEE and                :
TRIPLE A WOOD COMPANY,             :
                                   :
     Defendants.                   :
```

MEMORANDUM OPINION AND ORDER

This action comes before the Court on Plaintiff's Motion to Remand (Doc. 5). Jurisdiction has been invoked in this Court under 28 U.S.C. § 1331 (Doc. 1). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 12). After consideration of the relevant pleadings and the argument of counsel at a hearing held July 17, 2007, Plaintiff's motion is **GRANTED**.

The facts, as stated in the complaint, are that Plaintiff Reginald Moore was working on January 30, 2006 when Defendant Billy Bain Agee, the Principal of Defendant Triple A Wood Company, approached him and "accused him of mishandling the machine" he was using (Doc. 1, Exhibit A, ¶¶ 1-3, 8). "After verbally abusing the Plaintiff at length, [Agee] told the

Plaintiff point blank that he was going to kill him—this while approaching the Plaintiff in a menacing manner" (*id.* at ¶ 8).

Plaintiff filed a complaint in the Circuit Court of Wilcox County, Alabama, asserting claims of assault, intentional infliction of emotional distress, negligence, and wantonness (Doc. 1, Exhibit A).  Plaintiff subsequently amended his complaint, adding claims for invasion of privacy and harassment (Doc. 1, Exhibit C).

Defendants then Removed this action, asserting that this Court has jurisdiction under Title VII of the Civil Rights Act of 1964 (Doc. 1, ¶ 3(a)).  Plaintiff has filed a Motion to Remand the action to the State courts (Doc. 5); Defendants have filed a Response (Doc. 10) to which Plaintiff has Replied (Doc. 11).

In the Motion to Remand and at oral argument, Plaintiff asserts that this Court does not have jurisdiction as there are "no allegations under Title VII of the Civil Rights Act of 1964" (Doc. 5, ¶ 2).  Furthermore, Moore agrees with Defendants' assertion that "there is no common law action *entitled* harassment under Alabama law" (*id.* at ¶ 5) (emphasis in original).  Finally, Plaintiff asserts that the complaint language "simply describes the criminal act of harassment" (*id.* at ¶ 6).

The Court notes that, in a removal action, the party asserting jurisdiction has the burden of establishing proof of jurisdiction by a preponderance of the evidence.  *McNutt v.*

*General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936).  In a removal action, that burden is upon the defendant.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921).  Removal is a statutory remedy which must be narrowly construed so as to limit federal jurisdiction.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala. 1986).

The Court notes that any civil action over which the district court would have original jurisdiction may be removed by the defendant to the district court for the district in which the action is pending.  28 U.S.C. § 1441(a).  There is no question that this Court would have original jurisdiction over an action that arises from Title VII of the Civil Rights Act of 1964.  The relevant statute in question states the following:

> It shall be an unlawful employment practice for an employer--
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C.A. § 2000e-2(a).  The Court further notes that a claim for harassment under Title VII requires that the claimant belong to a protected group and that the harassment be "based on a protected characteristic of the employee."  *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).

In layman's terms, Title VII, subject to certain requirements, mandates that an employer cannot discriminate against employees on the basis of his or her race, color, religion, sex, and/or national origin.  These designations are known as protected classes.

The Court notes that that there are no allegations anywhere in the Complaint—or Amended Complaint—that the claims made are on the basis of "race, color, religion, sex, or national origin." Though Defendants have pointed out that Plaintiff is Black and his employer, Agee, is White (Doc. 10, p. 2) and Plaintiff used the word "harassment" in one count of the complaint, the fact remains that Plaintiff has asserted no claim under Title VII. Though Defendants have urged the Court to look past Plaintiff's "artful pleading" (*id.* at p. 4), the Court cannot manufacture jurisdiction where it does not exist.  In reaching this decision, the Court notes that, in assessing the propriety of removal,

> the district court has before it only the limited universe of evidence available when the motion to remand is filed—*i.e.*, the notice of removal and accompanying documents. If that evidence is insufficient to establish

>    that removal was proper or that jurisdiction
>    was present, neither the defendants nor the
>    court may speculate in an attempt to make up
>    for the notice's failings.

*Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1214 -1215 (11th Cir. 2007) (footnotes and citations omitted).

For the reasons stated, the Court finds that Defendants' Removal of this action was improper.  The evidence proffered is insufficient for the Court to conclude that federal jurisdiction exists in this action.  The Court further notes that "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded' to the state court from whence it came."  *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (quoting 28 U.S.C.A. § 1447).

Therefore, it is **ORDERED** that Plaintiff's Motion to Remand be **GRANTED** (Doc. 5) and that this action be **REMANDED** to the Circuit Court of Wilcox County, Alabama, for further proceedings, on the grounds that the Notice of Removal and Complaint are insufficient to establish the presence of federal subject-matter jurisdiction.

DONE this 25th day of July, 2007.

                                   s/BERT W. MILLING, JR.
                                   UNITED STATES MAGISTRATE JUDGE